(15 Misc. Rep. 456.)

## WEAVER v. BONNELL.

(City Court of New York, General Term. January 28, 1896.)

1. COUNTERCLAIM—PLEADING.

In an action to recover the value of coal sold by plaintiff to defendant, an answer alleging that plaintiff did not furnish the kind of coal agreed, and in consequence of which "defendant has sustained damage in the sum of $300," and praying that the complaint be dismissed, and that defendant "have judgment for his counterclaim," states a counterclaim, and does not allege merely matters of defense.

2. SAME—SUFFICIENCY.

In an action to recover $127.75, the value of coal sold by plaintiff to defendant, where the answer alleges, on information and belief, that the coal furnished by plaintiff was not the kind agreed on, but was of an inferior quality, whereby defendant was damaged in the sum of $300, and prays that the complaint be dismissed, and that defendant have judgment for his counterclaim, it does not state facts sufficient to constitute a cause of action.

Appeal from special term.

Action by George S. Weaver, Jr., against Roger V. Bonnell, for the value of coal sold and delivered. From a judgment entered on an order overruling a demurrer to the answer, plaintiff appeals. Reversed.

Argued before FITZSIMONS and CONLAN, JJ.

Frank Walling, for appellant.

Henry R. Willis, for respondent.

FITZSIMONS, J. The following are the material allegations of the complaint and answer necessary for us to examine: The complaint sets forth a sale and delivery of coal to the defendant, of the value of $127.75. The answer alleges as follows:

"Defendant, further answering, avers that, since said Frank B. Mayhew ceased to be superintendent of said apartment house, one Henry Smith has acted as his agent; that, as he is informed and believes, the coal furnished by this plaintiff has not been of the kind agreed to be furnished, but has been of an inferior quality, to wit, soft coal; and in consequence thereof defendant has sustained damage in the sum of three hundred dollars; that the fact of the quality of the coal so furnished by plaintiff has only come to the knowledge of defendant since the death of Mr. H. Smith, which occurred about two months ago. Defendant prays that the complaint may be dismissed, and he have judgment for his counterclaim of three hundred dollars and costs."

The plaintiff demurred to said allegation, on the ground that it failed to state facts sufficient to constitute a cause of action. The demurrer was overruled.

The respondent contends that said allegation was not intended to constitute a counterclaim, but merely a defense. We cannot understand how such an argument can be seriously made, because he evi-

dently introduced matter therein alleged to constitute a counterclaim, and he so designates it. So, viewed in our judgment, it fails to state facts sufficient to constitute a cause of action, and the demurrer was proper, and should have been sustained, instead of overruled. Judgment reversed, and demurrer sustained, with leave to defendant to serve an amended answer, upon payment of costs.